**Hand-Delivered**

Joi Burgin
Plaintiff, pro se
6418 Windsor Gate Lane
Charlotte, NC 28215
Phone: (716) 348-0678

**FILED**
CHARLOTTE, NC

OCT 1 2 2022

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISCTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
401 WEST TRADE STREET
CHARLOTTE, NC 28202
ROOM 1301

| | |
|---|---|
| JOI BURGIN )<br>  Plaintiff, )<br> )<br>  v. )<br> )<br>GEICO INSURANCE AGENCY, LLC, )<br>Government Employees Insurance )<br>Company, GEICO Corporation, GEICO<br>Indemnity Company, and GEICO<br>Casualty Company (collectively,<br>"GEICO"),<br>  Defendants. | **COMPLAINT**<br><br>CIVIL ACTION NO.<br>3:22-cv-548-RJC<br><br><br><br>BENCH DECISION REQUESTED |

Plaintiff, Joi Burgin, by and through her attorney, brings this action for redress for

violation of rights guaranteed under the Titles II and III of the Americans with Disabilities

Act, 42 U.S.C. § 12101, et seq.


JURISDICTION AND VENUE


1. This Court has jurisdiction of this action under title II of the ADA, 42 U.S.C. § 12133,

   Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a, and 28 U.S.C. §§ 1331 and

1345. The Court may grant the relief sought in this action pursuant to 28 U.S.C. §§ 2201-2202.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391, given that Plaintiff resides in Mecklenburg, North Carolina and the Defendants are doing substantial business and has contacts in Mecklenburg County, North Carolina, which lies within the Western District of North Carolina. 28 U.S.C. § 1391(b).

## PARTIES

3.  Plaintiff Joi Burgin is a resident of Mecklenburg County, North Carolina. Plaintiff is diagnosed with ADHD, generalized anxiety disorder, trichotillomania, and dysthymic disorder (persistent depressive disorder). She is substantially limited in several major life activities and major bodily functions, including concentrating and brain function and is a person with a disability as defined by the Americans with Disabilities Act. Consequently, Burgin is an individual with a disability as defined in all federal and state statutes under which her claims arise, including the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. §§ 12101 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

4.  Upon information and belief, the Defendant GEICO INSURANCE AGENCY, LLC, Government Employees Insurance Company ("GEICO"), GEICO Corporation, GEICO Indemnity Company, and GEICO Casualty Company (collectively, "GEICO"), is a business corporation for purposes and subject to Title II of the ADA, 42 U.S.C. § 12131 et seq., and its implementing regulations, 28 C.F.R. Part 35.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.  On July 15, 2022, the Equal Employment Opportunity Commission issued a Notice of
    Right to Sue pursuant to Plaintiff's charge of discrimination filed with the New York
    State Division of Human Rights. Less than ninety (90) days have elapsed since the
    Plaintiff's receipt of the same.

## STATEMENT OF FACTS

6.  The Plaintiff had been employed full time by GEICO for approximately seven years, the
    last three of which Plaintiff worked in the Claims Department.

7.  Plaintiff was a satisfactory employee throughout her entire tenure.

8.  On or about July of 2018, Plaintiff in good faith provided a written statement to her
    employer requesting accommodations for her disability.

9.  Shortly thereafter, on or about August of 2018, in violation of Defendant's policy of
    progressive discipline Plaintiff received a Final Warning in retaliation for having engaged
    in protected activity.

10. Plaintiff immediately complained to Defendant's department of Human Resources about
    her warning and again requested reasonable accommodations.

11. No remedial action was taken.

12. On or about October 25, 2018, Plaintiff provided Defendant with documentation of her medical records notating the disability for which she suffers.

13. Employer took no immediate action creating an intolerable work environment.

14. On or about November 30, 2018, Plaintiff resigned based upon her inability to receive any reasonable accommodations.


## FIRST CLAIM FOR RELIEF
(Title III of the Americans with Disabilities Act of 1990)

15. Plaintiff incorporates by reference herein the allegations in Paragraphs 1 through 14 above, inclusive.

16. Defendant is a public entity and is subject to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., and particularly Section 304 thereof, 42 U.S.C. § 12184.

17. The conduct previously alleged violates Title III of the ADA and the federal regulations promulgated pursuant to Title III, 28 C.F.R. part 36, and 49 C.F.R. parts 27, 37 and 38.

18. Defendant has violated Title III of the ADA by, inter alia, failing to operate their business on a nondiscriminatory basis; failing to ensure that individuals with disabilities receive reasonable accommodations and failing to ensure that personnel are trained to provide such accommodations.

19. Pursuant to 42 U.S.C. § 12188, and the remedies, procedures, and rights set forth and/or incorporated therein, plaintiffs pray for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
### (Title II of the Americans with Disabilities Act of 1990)

20. Plaintiff incorporates by reference herein the allegations in Paragraphs 1 through 19 above, inclusive.

21. Defendant is specifically identified in Section 201(1)(C) of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12131(1)(C), as a public entity for purposes of Title II of the ADA, 42 U.S.C. §§ 12131 et seq.

22. The conduct previously alleged violates Title II of the ADA and the federal regulations promulgated pursuant to Title II, 28 C.F.R. part 35, and 49 C.F.R. parts 27, 37 and 38.

23. Title II of the ADA prohibits, inter alia, public entities from discriminating against individuals with disabilities on the basis of disability by subjecting them to discrimination, excluding them from participation in, or denying or otherwise limiting them in the benefits of the services, programs or activities of the public entity.

24. Defendant has violated Title II of the ADA by, inter alia, failing to operate its company on a nondiscriminatory basis; failing to afford employees with disabilities with reasonable accommodations and failing to ensure that such entities comply with disability civil rights laws.

25. Pursuant to 42 U.S.C. § 12133, and the remedies, procedures, and rights set forth in 29 U.S.C. § 794a incorporated therein, plaintiffs pray for judgment as set forth below.

26. In doing the acts and omissions alleged herein, Defendant knew or should have known that its conduct was directed to persons with disabilities, thereby entitling plaintiffs to recover treble damages, penalties and/or other such remedies.

27. Plaintiff incorporates by reference herein the allegations in Paragraphs 1 through 34 above, inclusive.

28. Defendant engaged in a pattern of illegal retaliation in violation of Title VII of the Civil Rights Act of 1984. In or about July of 2018, Plaintiff in good faith complained to management that she believed that she should be afforded reasonable accommodations based upon her disability. Shortly thereafter, on or about August 2018, in violation of Defendant's policy of progressive discipline, Plaintiff was placed on a Final Warning in retaliation for having engaged in protected activity.

29. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer severe mental and emotional anguish, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at the time of trial.

30. As a further and proximate result of the Defendant's violations of Title VII, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff. Accordingly, Plaintiff requests that attorney fees be awarded.

31. Defendant's conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights. The acts were performed with the knowledge of

employer's economic power over its employees. Defendant ratified the unlawful conduct of its employees in this action. Consequently, Plaintiff is entitled to exemplary damages from the Defendant.

## FOURTH CLAIM FOR RELIEF
(Negligent Infliction of Emotional Distress)

32. Plaintiff incorporates by reference herein the allegations in Paragraphs 1 through 45 above, inclusive.

33. Defendant knew or should have known, with the exercise of reasonable care, that the acts, conduct and omissions described above were in violation of Plaintiff's rights, including her rights under North Carolina common law and her rights under federal and state disability rights statutes, and that such acts, conduct and omissions would cause Plaintiff to suffer both emotional and physical distress.

34. The negligent failure of Defendants to fulfill their obligations under applicable laws has caused Plaintiff to suffer physical injuries, and to suffer and continue to suffer, humiliation, anxiety, mental anguish, emotional distress, loss of self-esteem and general damage to personal and social relations.

35. As a result of these injuries, Plaintiff is entitled to damages in an amount to be ascertained according to proof at trial.

WHEREFORE, plaintiffs pray for judgment as follows:

      1.     An order certifying that this action be maintained as a class action;

      3.     An order that Defendant institutes and implements policies and practices that provide persons with disabilities accommodation(s) consistent with federal and state law;

4. An order awarding Plaintiff actual, compensatory, and statutory damages, for violations of their civil rights and for restitution.

5. An order awarding Plaintiff actual and compensatory damages in compensation for negligent causation of negligent infliction of emotional distress.

6. An order awarding Plaintiff reasonable attorney's fees and costs;

7. For such other and further relief as the Court deems just and proper.

Dated: October 12, 2022.

JOI BURGIN

By: _____
Joi Burgin
Plaintiff

Joi Burgin
Plaintiff, pro se
6418 Windsor Gate Lane
Charlotte, NC 28215
Phone: (716) 348-0678

IN THE UNITED STATES DISCTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
401 WEST TRADE STREET
CHARLOTTE, NC 28202
ROOM 1301

| | | |
|---|---|---|
| JOI BURGIN | ) | **COMPLAINT** |
|    Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|    v. | ) | |
| | ) | |
| GEICO INSURANCE AGENCY, LLC, | ) | |
| Government Employees Insurance | ) | |
| Company, GEICO Corporation, GEICO | | |
| Indemnity Company, and GEICO | | |
| Casualty Company (collectively, | | BENCH DECISION REQUESTED |
| "GEICO"), | | |
|    Defendants. | | |

Plaintiff, Joi Burgin, by and through her attorney, brings this action for redress for

violation of rights guaranteed under the Titles II and III of the Americans with Disabilities

Act, 42 U.S.C. § 12101, et seq.


## JURISDICTION AND VENUE


1. This Court has jurisdiction of this action under title II of the ADA, 42 U.S.C. § 12133,

   Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a, and 28 U.S.C. §§ 1331 and

1345. The Court may grant the relief sought in this action pursuant to 28 U.S.C. §§ 2201-2202.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391, given that Plaintiff resides in Mecklenburg, North Carolina and the Defendants are doing substantial business and has contacts in Mecklenburg County, North Carolina, which lies within the Western District of North Carolina. 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Joi Burgin is a resident of Mecklenburg County, North Carolina. Plaintiff is diagnosed with ADHD, generalized anxiety disorder, trichotillomania, and dysthymic disorder (persistent depressive disorder). She is substantially limited in several major life activities and major bodily functions, including concentrating and brain function and is a person with a disability as defined by the Americans with Disabilities Act. Consequently, Burgin is an individual with a disability as defined in all federal and state statutes under which her claims arise, including the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. §§ 12101 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

4. Upon information and belief, the Defendant GEICO INSURANCE AGENCY, LLC, Government Employees Insurance Company ("GEICO"), GEICO Corporation, GEICO Indemnity Company, and GEICO Casualty Company (collectively, "GEICO"), is a business corporation for purposes and subject to Title II of the ADA, 42 U.S.C. § 12131 et seq., and its implementing regulations, 28 C.F.R. Part 35.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On July 15, 2022, the Equal Employment Opportunity Commission issued a Notice of Right to Sue pursuant to Plaintiff's charge of discrimination filed with the New York State Division of Human Rights. Less than ninety (90) days have elapsed since the Plaintiff's receipt of the same.

## STATEMENT OF FACTS

6. The Plaintiff had been employed full time by GEICO for approximately seven years, the last three of which Plaintiff worked in the Claims Department.

7. Plaintiff was a satisfactory employee throughout her entire tenure.

8. On or about July of 2018, Plaintiff in good faith provided a written statement to her employer requesting accommodations for her disability.

9. Shortly thereafter, on or about August of 2018, in violation of Defendant's policy of progressive discipline Plaintiff received a Final Warning in retaliation for having engaged in protected activity.

10. Plaintiff immediately complained to Defendant's department of Human Resources about her warning and again requested reasonable accommodations.

11. No remedial action was taken.

12. On or about October 25, 2018, Plaintiff provided Defendant with documentation of her medical records notating the disability for which she suffers.

13. Employer took no immediate action creating an intolerable work environment.

14. On or about November 30, 2018, Plaintiff resigned based upon her inability to receive any reasonable accommodations.

## FIRST CLAIM FOR RELIEF
(Title III of the Americans with Disabilities Act of 1990)

15. Plaintiff incorporates by reference herein the allegations in Paragraphs 1 through 14 above, inclusive.

16. Defendant is a public entity and is subject to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., and particularly Section 304 thereof, 42 U.S.C. § 12184.

17. The conduct previously alleged violates Title III of the ADA and the federal regulations promulgated pursuant to Title III, 28 C.F.R. part 36, and 49 C.F.R. parts 27, 37 and 38.

18. Defendant has violated Title III of the ADA by, inter alia, failing to operate their business on a nondiscriminatory basis; failing to ensure that individuals with disabilities receive reasonable accommodations and failing to ensure that personnel are trained to provide such accommodations.

19. Pursuant to 42 U.S.C. § 12188, and the remedies, procedures, and rights set forth and/or incorporated therein, plaintiffs pray for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
(Title II of the Americans with Disabilities Act of 1990)

20. Plaintiff incorporates by reference herein the allegations in Paragraphs 1 through 19 above, inclusive.

21. Defendant is specifically identified in Section 201(1)(C) of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12131(1)(C), as a public entity for purposes of Title II of the ADA, 42 U.S.C. §§ 12131 et seq.

22. The conduct previously alleged violates Title II of the ADA and the federal regulations promulgated pursuant to Title II, 28 C.F.R. part 35, and 49 C.F.R. parts 27, 37 and 38.

23. Title II of the ADA prohibits, inter alia, public entities from discriminating against individuals with disabilities on the basis of disability by subjecting them to discrimination, excluding them from participation in, or denying or otherwise limiting them in the benefits of the services, programs or activities of the public entity.

24. Defendant has violated Title II of the ADA by, inter alia, failing to operate its company on a nondiscriminatory basis; failing to afford employees with disabilities with reasonable accommodations and failing to ensure that such entities comply with disability civil rights laws.

25. Pursuant to 42 U.S.C. § 12133, and the remedies, procedures, and rights set forth in 29 U.S.C. § 794a incorporated therein, plaintiffs pray for judgment as set forth below.

26. In doing the acts and omissions alleged herein, Defendant knew or should have known that its conduct was directed to persons with disabilities, thereby entitling plaintiffs to recover treble damages, penalties and/or other such remedies.

## THIRD CLAIM FOR RELIEF
### (Retaliation)

27. Plaintiff incorporates by reference herein the allegations in Paragraphs 1 through 34 above, inclusive.

28. Defendant engaged in a pattern of illegal retaliation in violation of Title VII of the Civil Rights Act of 1984. In or about July of 2018, Plaintiff in good faith complained to management that she believed that she should be afforded reasonable accommodations based upon her disability. Shortly thereafter, on or about August 2018, in violation of Defendant's policy of progressive discipline, Plaintiff was placed on a Final Warning in retaliation for having engaged in protected activity.

29. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer severe mental and emotional anguish, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at the time of trial.

30. As a further and proximate result of the Defendant's violations of Title VII, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff. Accordingly, Plaintiff requests that attorney fees be awarded.

31. Defendant's conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights. The acts were performed with the knowledge of

employer's economic power over its employees. Defendant ratified the unlawful conduct of its employees in this action. Consequently, Plaintiff is entitled to exemplary damages from the Defendant.

## FOURTH CLAIM FOR RELIEF
(Negligent Infliction of Emotional Distress)

32. Plaintiff incorporates by reference herein the allegations in Paragraphs 1 through 45 above, inclusive.

33. Defendant knew or should have known, with the exercise of reasonable care, that the acts, conduct and omissions described above were in violation of Plaintiff's rights, including her rights under North Carolina common law and her rights under federal and state disability rights statutes, and that such acts, conduct and omissions would cause Plaintiff to suffer both emotional and physical distress.

34. The negligent failure of Defendants to fulfill their obligations under applicable laws has caused Plaintiff to suffer physical injuries, and to suffer and continue to suffer, humiliation, anxiety, mental anguish, emotional distress, loss of self-esteem and general damage to personal and social relations.

35. As a result of these injuries, Plaintiff is entitled to damages in an amount to be ascertained according to proof at trial.

WHEREFORE, plaintiffs pray for judgment as follows:

1.    An order certifying that this action be maintained as a class action;

3.    An order that Defendant institutes and implements policies and practices that provide persons with disabilities accommodation(s) consistent with federal and state law;

4.    An order awarding Plaintiff actual, compensatory, and statutory damages, for violations of their civil rights and for restitution.

5.    An order awarding Plaintiff actual and compensatory damages in compensation for negligent causation of negligent infliction of emotional distress.

6.    An order awarding Plaintiff reasonable attorney's fees and costs;

7.    For such other and further relief as the Court deems just and proper.

Dated:  October __12__, 2022.

JOI BURGIN

By: _____
Joi Burgin
Plaintiff

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Newark Area Office
283-299 Market St, Suite 1703
Newark, NJ 07102
(862) 338-9410
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 07/15/2022

**To:** Ms. Joi L. Burgin
6418 Windsor gate lane
CHARLOTTE, NC 28215
Charge No: 525-2019-00699

EEOC Representative and email:     BRIAN SCHWARZ
Investigator
Brian.Schwarz@eeoc.gov

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 525-2019-00699.

On behalf of the Commission,

JOHN WALDINGER   Digitally signed by JOHN WALDINGER
Date: 2022.07.15 09:01:30 -04'00'

JOHN WALDINGER
Area Office Director

**Cc:**
Gloyanne Hollbrook
GEICO
ghollbrook@geico.com


Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 525-2019-00699 to the District Director at Judy Keenan, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.