IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00548-RJC-DSC

| | |
|---|---|
| **JOI BURGIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **GOVERNMENT EMPLOYEES** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Plaintiff's Motion to Transfer Venue" (document #12) and Defendant's "Motion to Dismiss … [for Lack of Personal Jurisdiction]" (document #19) and the parties' briefs and exhibits.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and are now ripe for the Court's consideration.

Plaintiff alleges employment discrimination in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. (the "ADA"). Plaintiff moved here after her employment with Defendant had ended. She then filed her pro se Complaint in the United States District Court for the Western District of North Carolina. Accepting the factual allegations of the Amended Complaint as true, all events giving rise to this action occurred in the Western District of New York. All records relating to this action are there.

As the parties now agree, there is no basis for venue in this District. See 42 U.S.C. § 2000e–5(f)(3); 42 U.S.C. § 12117(a) (Under the ADA, an action may be brought: "(1) in any judicial

district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."). Defendant also challenges personal jurisdiction in North Carolina.

The parties also agree that it is within the Court's discretion to transfer this action to the Western District of New York where venue and personal jurisdiction are proper. See, e.g., 28 U.S.C. § 1406(a) (providing that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Defendant primarily opposes transfer by arguing that the underlying claim will be unsuccessful. See "Defendant's Opposition …" at 4-10 (document #21). But the merits are not before the Court at this stage in the proceedings. The Court in its discretion concludes that it is in the interests of justice to transfer this matter to the Western District of New York. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion to Transfer be granted and that Defendant's Motion to Dismiss be denied as moot.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Plaintiff's Motion to Transfer Venue" (document #12) be **GRANTED** and this matter be **TRANSFERRED** to the United States District Court for the Western District of New York; and that Defendant's "Motion to Dismiss … [for Lack of Personal Jurisdiction]" (document #19) be **DENIED AS MOOT**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: February 17, 2023

David S. Cayer
United States Magistrate Judge